## OISHEI v. OISHEI et al.

(Supreme Court, Equity Term, Erie County. December, 1910.)

1. WILLS (§ 597*)—CONSTRUCTION—ESTATES CREATED.
   Under 1 Rev. St. (1st Ed.) pt. 2, tit. 2, c. 1, § 28, providing that, where a remainder shall be limited to the heirs or heirs of the body of a person to whom a life estate is given, the heirs or heirs of the body shall take as purchasers, a will devising land to testator's daughter for life, and at her death to her children then living, and the children of any of her children who may have died, does not give the daughter the fee, so as to entitle her husband to tenancy by the curtesy on her death.

   [Ed. Note.—For other cases, see Wills, Cent. Dig. § 1323; Dec. Dig. § 597.*]

2. WILLS (§ 634*)—CONSTRUCTION—VESTED REMAINDER.
   A will devising land to testator's daughter for life, and at her death to her children then living, and to the children of any of her children who may have died, gives them a vested interest, subject only to the life estate, and entitles them to the entire and exclusive possession of the land at the death of the daughter.

   [Ed. Note.—For other cases, see Wills, Cent. Dig. § 1488; Dec. Dig. § 634.*]

· Action by Charles Oishei against John R. Oishei and others to determine a claim to real estate. Complaint dismissed.

Charles Oishei, in pro. per.
Romer & Harrington, for defendants.

BROWN, J. John B. Roffo died in 1887, seised of certain real estate in Buffalo, N. Y., leaving a last will and testament, in and by which will he devised the use of such real estate to Mary Roffo, his widow, for life. The third clause of such will reads as follows:

"From and after the decease of my said wife Mary Roffo I give, bequeath and devise unto my daughter Julia Oishei for and during the term of her natural life the use and enjoyment, rents, issues and profits of an equal undivided one half part of my estate remaining at the time of the decease of my said wife, both real and personal, and upon the decease of my said daughter Julia, I give and bequeath and devise the said equal undivided one half part of my said estate to the children of said Julia, then living, and to the children if any of any of her children who may have died, in such case the children of a deceased child taking the share the parent would have taken if living."

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Mary Roffo died January 20, 1899, leaving her surviving Julia Oishei. Julia Oishei died December 8, 1904, leaving her surviving the defendants, as her children, and the plaintiff, her husband.

The plaintiff contends that his wife, Julia, died seised of an estate of inheritance in the real estate devised to her by the will of her father, John B. Roffo, and that he is entitled to the use of such real estate during his life as a tenant by the curtesy. This contention is based upon the theory that the defendants take the real estate by descent from their mother, Julia Oishei, and not as vested remaindermen, under the quoted clause of the will of John B. Roffo; that, the defendants taking such real estate by descent, their mother died seised of an estate of inheritance. Such contention has for its basis the rule in Shelley's Case. If, under the will of John Roffo, the use of the term "to the children of said Julia then living" was designed to express the quantity of the estate that Julia was to take, then Julia did take an estate in fee simple. The rule in Shelley's Case was that an instrument creating a life estate, with a remainder over on the death of the life tenant to the heirs of the body of the life tenant, should be construed as a conveyance to the person named as the life tenant and the heirs of his body; that this use of words "heirs of the body" was to be construed as defining the quantity of the estate conveyed to the person named as the life tenant; and the heirs of the body took the estate at the death of the life tenant, not as remaindermen under the instrument of conveyance, but as heirs of the person named as life tenant.

The plaintiff contends that, inasmuch as the will devises the real estate to Julia for and during her natural life, and at the death of Julia to her children, the word "children" must be construed as heirs; hence it follows that the children of Julia take as heirs of Julia and not as remaindermen under the will. The devise is to Julia for life, and then to her heirs; and plaintiff insists that the use of the word "heirs" must be construed as defining the quantity of the estate devised to Julia, and not as defining the remaindermen. The plaintiff contends that Julia took an estate in freehold, a life estate with remainder to her heirs; that such remainder vested in Julia, and her heirs, when they took, took by descent from her. Such undoubtedly was the rule in Shelley's Case; but such rule is simply one of construction, and must give way to the manifest intention of the testator. It is impossible to reconcile the intent of the testator as manifested by the language of this will with the contention that the testator intended that Julia was to have an estate in fee simple in the real estate. It is very plain that the intention of the testator was that Julia was to be vested with a life estate only, and that at no time was the fee to vest in her.

It was provided by section 28, c. 1, tit. 2, pt. 2 (1st Ed.) 1 Rev. St., that where a remainder shall be limited to the heirs, or heirs of the body, of a person to whom a life estate in the same premises is given, the persons who, on the termination of the life estate, are the heirs, or heirs of the body, of such life tenant, shall take as purchasers, by virtue of the remainder so limited to them. This statute

makes it imperative to hold that the children of Julia upon her death took the entire fee under the will of John Roffo, to the same effect as though they had purchased such fee from John Roffo, and not as descendants of Julia.

Moore v. Littel, 41 N. Y. 66, Surdam v. Cornell, 116 N. Y. 305, 22 N. E. 450, Monarque v. Monarque, 80 N. Y. 320, and Campbell v. Stokes, 142 N. Y. 23, 36 N. E. 811, are authorities to the effect that the children of Julia who were living at the time of the death of John Roffo took a vested interest in the real estate, subject to the life estate of Mary Roffo, and subject to the life estate of Julia Oishei. The estate so vested was undoubtedly liable to be lessened by the coming in of afterborn children; but, such as it was, it vested in the defendants who were living at the death of John Roffo. After the death of Mary Roffo, the children of Julia were vested with the fee of the real estate, subject only to the life estate of Julia, and at her death were entitled to the entire and exclusive possession thereof. Julia, having a mere possessory right to the real estate, did not die seised of an estate of inheritance. The plaintiff did not acquire an estate of tenancy by the curtesy upon the death of Julia.

The defendants are entitled to a judgment dismissing the plaintiff's complaint, and awarding them the exclusive possession of the real estate devised to Julia Oishei for life, with costs.